# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Applied Process Equipment, Inc.,** | Case No. 1:24CV1053 |
| Plaintiff, | |
| -vs- | |
| | **JUDGE PAMELA A. BARKER** |
| **Aqueous Vets, LLC,** | |
| Defendant. | ORDER |

On June 24, 2024, Plaintiff Applied Process Equipment, Inc. (Plaintiff or "Applied") filed a Complaint in this matter against Defendant Aqueous Vets, LLC, (Defendant or "Aqueous") for breach of contract. (Doc. No. 1.) Therein, Plaintiff alleged that "this Court has subject matter jurisdiction over this proceeding as the parties are citizens of different states, and Applied's damages are greater than $75,000." (*Id*. at ¶ 3.) Plaintiff alleged that "Applied, an Arizona corporation, is a wholly owned subsidiary of Enpress, L.L.C.; and Enpress L.L.C. is an Ohio limited liability company having its principal place of business located in Lake County, Ohio." (*Id*. at ¶ 1.) Plaintiff further alleged that "Aqueous is a California limited liability company, with its principal office located in Redding, California." (*Id*. at ¶ 2.)

On June 24, 2024, this Court issued an Order directing Plaintiff to provide additional information regarding the citizenship of the parties, in order for the Court to determine if it has subject matter jurisdiction over the instant case on the basis of diversity jurisdiction. (Doc. No. 5.)

Thereafter, on July 8, 2024, Plaintiff filed an Amended Complaint, in which it "clarif[ied] its name on the pleading" and substituted "Enpress LLC d/b/a Applied Process Equipment, Inc." as the named Plaintiff. (Doc. No. 7.) Plaintiff also filed, on that same date, a Supplemental Brief addressing

the citizenship of Plaintiff Enpress LLC and Defendant Aqueous Vets, LLC. (Doc. No. 8.) Plaintiff explained that Enpress LLC is "an Ohio limited liability company" and that it has the following three members: (1) Polymer & Steel Technologies Holding Company, LLC; (2) Michael Mormino; and (3) Michael Slogar. (*Id*.) Plaintiff maintains that both Mr. Mormino and Mr. Slogar are citizens of Ohio. (*Id*.) Plaintiff states that Polymer & Steel Technologies Holding Company, LLC ("Polymer LLC") is an "Ohio limited liability company" and that its sole member is Polymer & Steel Technologies, Inc. ("Polymer, Inc.") (*Id*. at p. 2.) Plaintiff asserts that Polymer, Inc. is incorporated in Ohio (*Id*., citing Doc. No. 8-5) but does not provide Polymer, Inc.'s principal place of business.

Regarding Defendant Aqueous Vets, LLC ("Aqueous"), Plaintiff states that Aqueous is a California limited liability company having its principal place of business in Redding, California. (*Id*. at p. 2.) Plaintiff indicates that BCDI AV Acquisition, Inc. "is the member of Aqueous Vets, LLC." (*Id*.) According to Plaintiff, BCDI AV Acquisition, Inc. is a Delaware corporation. (*Id*.) Plaintiff does not provide BCDI AV Acquisition, Inc.'s principal place of business. (*Id*.) Plaintiff states that Richard Creighton Bowsher is either a member or a manager of BCDI AV Acquisition, Inc., and that his address is in McKinney, Texas. (*Id*.)

Lastly, Plaintiff asserts that "in any event, venue and jurisdiction are vested in this court by way of a forum selection clause contained in the Distributor Agreement attached to the Amended Complaint as Exhibit A."[1] (*Id*.) Plaintiff then cites cases for the proposition that personal jurisdiction and venue can be waived via an enforceable forum selection clause. (*Id*. at p. 3.)

---

[1] Specifically, Paragraph 18 of the Distributor Agreement provides, in relevant part, that: "In the event of any dispute relating to the interpretation or the performance of the Agreement (or in any way arising out of or in connection with the Agreement), the parties shall use reasonable efforts to settle the issues with good faith negotiations. If the dispute cannot be settled amicably in this manner within thirty (30) days, such dispute or claim will be heard exclusively in the state or federal courts located in or having jurisdiction in or over Lake County, Ohio." (Doc. No. 7-1 at p. 7.)

2

As this Court noted in its previous Order, the diversity statute states that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated **and of the State or foreign state where it has its principal place of business**." 28 U.S.C. § 1332(c)(1) (emphasis added).  Here, although Plaintiff has identified the states of incorporation of both Polymer Inc. and BCDI AV Acquisition, Inc., Plaintiff has failed to identify their principal places of business.  The Court requires this information to determine whether it has subject matter jurisdiction over the instant matter.  Plaintiff's reliance on the parties' forum selection clause to establish subject matter jurisdiction is misplaced. As noted in the cases cited by Plaintiff, parties may waive venue and *personal* jurisdiction through a forum selection clause.  This is not the same, however, as creating or waiving *subject matter* jurisdiction in this Court.  For this Court to have subject matter jurisdiction over the instant action, Plaintiff must demonstrate the existence of diversity jurisdiction, regardless of the existence of a forum selection clause.

Accordingly, by no later than Friday, July 12, 2024, Plaintiff shall file a Supplement on the docket identifying the principal places of business of Polymer & Steel Technologies, Inc. and BCDI AV Acquisition, Inc. or show cause why this matter should not be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

   *s/Pamela A. Barker*
   PAMELA A. BARKER
Date:  July 9, 2024   U. S. DISTRICT JUDGE